852 F.2d 1292
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Donald J. GRAVES, Plaintiff-Appellant,
and
Auto Salvage, Inc., Rose Marie Graves, Graves Body Crusher,
Inc., and Becky Sue Hoover, Plaintiffs,
v.
KEMSCO GROUP, INC., Markle Manufacturing Co., H. Kent
Murphy, Marvin Bradburn, and Cargo Corporation,
Defendants-Appellees.
 No. 87-1549.
 United States Court of Appeals, Federal Circuit.
 June 7, 1988.
 
 Before EDWARD S. SMITH, BISSELL and ARCHER, Circuit Judges.
 EDWARD S. SMITH, Circuit Judge.
 
 DECISION
 
 1
 Donald J. Graves (Graves) appeals from the Memorandum and Order of the United States District Court for the Northern District of Indiana in Graves v. Kemsco Group, Inc., No. F 80-190 (N.D.Ind. July 17, 1987) (Sharp, C.J.), holding Graves in civil contempt for failure to obey that court's order entered August 24, 1982 (August 24th order). We affirm.
 
 OPINION
 
 2
 The district court issued the civil contempt order before us in response to acts by Graves that the district court concluded violated its injunctive order, dated August 24, 1982, in this patent infringement proceeding. Because this civil contempt order itself is a procedural matter that is not unique to patent issues, our review of the district court's Memorandum and Order holding Graves in civil contempt is governed by the law of the Seventh Circuit rather than by the law of this court. See Panduit Corp. v. All States Plastic Mfg. Co., 744 F.2d 1564, 1575 (Fed.Cir.1984). Applying Seventh Circuit law, we must conclude, after a careful review of the record, that the district court's Memorandum and Order holding Graves in civil contempt of the August 24th order does not rest either on an error of law or on clearly erroneous findings of facts.
 
 
 3
 Here, the district court recognized Graves only could be held in civil contempt for violating the August 24th order if it were established by clear and convincing evidence that (1) Graves had notice of the August 24th order, (2) the August 24th order met the specificity requirements of Rule 65(d) of the Federal Rules of Civil Procedure, and (3) Graves violated the August 24th order. The district court's Memorandum and Order holding Graves in civil contempt is predicated upon that court's affirmative findings on all three of these elements.
 
 
 4
 Graves argues that the district court erred by concluding that he had notice of the August 24th order because he never personally was served with the August 24th order and because he was not aware, at the time he placed the advertisements in the national trade magazine, "Locator," that the August 24th order existed. This argument is meritless.
 
 
 5
 Seventh Circuit law does not require, as support for a finding of civil contempt, that Graves, himself, possess actual notice of the August 24th Order. See Shakman v. Democratic Organization of Cook County, 533 F.2d 344, 352 (7th Cir.), cert. denied, 429 U.S. 858 (1976). The district court clerk mailed to Graves' counsel the August 24th order. This uncontested fact alone establishes that Graves possessed sufficient notice of the August 24th order to support a finding of civil contempt.
 
 
 6
 In addition, Graves contends that the August 24th order only enjoined acts or omissions relating to "Exhibit B" machines, whereas the advertisements placed in the national trade magazine, "Locator," only referred to "Exhibit A" machines. On this basis, Graves argues that his placement of the advertisements did not violate the August 24th order. We disagree.
 
 
 7
 Contrary to Graves' assertion, the advertisements did not specify or differentiate between Exhibit A machines and Exhibit B machines; rather, the advertisements referred to all Nutcracker machines sold subsequent to 1980, which category of machines includes Exhibit B machines. Accordingly, we cannot hold that the district court clearly erred in finding that Graves' advertisements referred to the machine named in the August 24th order.
 
 
 8
 Finally, Graves argues that the district court's finding that he violated the August 24th order is clearly erroneous because he, himself, is not named in paragraph 12 of the August 24th order. This argument is unpersuasive. It is clear beyond cavil that Graves is included within the scope of paragraph 12. Any other interpretation of that paragraph, in light of a complete reading of the August 24th order, is untenable.
 
 
 9
 In view of the foregoing, we affirm the district court's Memorandum and Order holding Graves in civil contempt. Costs, attorney fees, and expenses shall be awarded to the defendants-appellees.